**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Carlos Cesar VIDAL–BOUCHE, Defendant–Appellant.**

No. 04–50058.
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Oct. 21, 2004.

Mark Randolph Stelmach, Joseph H. Gay, Jr., Assistant U.S. Attorneys, San Antonio, TX, for Plaintiff–Appellee.

William Robert Maynard, Assistant Federal Public Defender, San Antonio, TX, for Defendant–Appellant.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM: *

Carlos Cesar Vidal–Bouche appeals the sentence imposed following his guilty plea to illegal reentry, specifically the determination that his Texas conviction for unauthorized use of a motor vehicle (UUMV) constituted an aggravated felony for purposes of an eight-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C) (2000). We affirm.

Vidal's argument that Texas's UUMV offense does not constitute a "crime of violence" under 18 U.S.C. § 16(b) is foreclosed by *United States v. Galvan–Rodriguez*, 169 F.3d 217, 219 (5th Cir.1999). Similarly, his contention that the Constitution prohibits the process by which an Article III judge applies the U.S.S.G. § 2L1.2(b)(1)(C) enhancement is foreclosed by *United States v. Pineiro*, 377 F.3d 464, 467–68 (5th Cir.2004), *petition for cert. filed* (U.S. July 14, 2004) (No. 04–5263). We are bound by our precedent absent an intervening Supreme Court decision or a subsequent en banc decision. *See United States v. Short*, 181 F.3d 620, 624 (5th Cir.1999).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.